IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMAL R. LAIDLEY , et al** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **SHAWN JOHNSON, et al** | : | **NO. 09-395** |

## <u>ORDER</u>

**AND NOW**, this 7th day of June, 2010, upon consideration of Defendant, Option One Mortgage Corporation's "Motion to Dismiss" Plaintiffs' amended complaint and the response filed in opposition, we find as follows:

1. On January 28, 2009, Plaintiffs, Jamal Laidley and Brian Harvey, filed their original complaint against Defendants, Shawn Johnson, Andre Johnson, Parkside Mortgage Corporation, Option One Mortgage Corporation, and American Home Mortgage Servicing, Inc., alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), the Credit Services Act ("CSA"), the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), the Equal Credit Opportunity Act ("ECOA"), and fraud. Generally, the complaint alleged that Shawn Johnson brokered a residential mortgage agreement between Plaintiffs and Option One and that during the course of the mortgage application process, Johnson made misrepresentations to Plaintiffs, upon which they detrimentally relied.

2. Defendant Option One subsequently filed a motion for judgment on the pleadings, which this Court granted, dismissing all claims against Option One on October 28, 2009. Thereafter, Plaintiffs sought leave to file an amended complaint, which we

granted. Plaintiffs' amended complaint raises only a violation of the UTPCPL against Option One and attempts to remedy the defects in the original UTPCPL claim. Option One has responded with the instant motion to dismiss.

3. When ruling on a motion to dismiss, a court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000). A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, a plaintiff must provide more than a formulaic recitation of a claim's elements that amounts to mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570).

4. Option One argues that the newly filed UTPCPL claim should be dismissed because Plaintiffs do not allege that Option One made any representations to them and because Option One cannot be held liable for any misrepresentations allegedly made by Johnson.[1] Option One raised this same argument with respect to the UTPCPL

---

[1] The amended complaint also includes allegations that Option One violated RESPA and the Truth in Lending Act ("TILA") by failing to fully disclose certain finance charges. However, Plaintiffs have stated in their Response, that they are not arguing that the alleged TILA or RESPA violations serve as per se violations of the UTPCPL. (Resp., p. 4). Therefore, we need not consider these allegations further.

claim in the original complaint. When ruling on that motion, with regards to the UTPCPL claim, we agreed that Plaintiffs had not alleged that Option One made any representations and held that:

> . . . Plaintiffs have not sufficiently pled an agency relationship between Johnson and Option One. Johnson was not an employee of Option One, there are no allegations that Option One exerted control over either Johnson or his business Parkside Mortgage, and the Complaint states that Johnson searched beyond Option One to find a lender for Plaintiffs. See Garczynski v. Countrywide Home Loans, Inc., 2009 WL 2476622, at *4-5 (E.D. Pa. Aug. 12, 2009) (holding that a nearly identical complaint did not sufficiently allege an agency relationship where the complaint failed to present any facts to show how the lender "controlled" the broker and where the broker was an intermediary between the borrowers and several lenders, including the defendant).

(Doc. No. 46).

5. In an attempt to remedy this prior deficiency, Plaintiffs have included, in the amended complaint, several allegations regarding the agency relationship between Johnson, acting through his business Parkside Mortgage, and Option One. Specifically, Plaintiffs allege that:

> 48. Parkside was directed by Option One to do all that was necessary to make the loan close upon the ultimate terms for Parkside and Option One's ultimate profit.
>
> 49. Plaintiffs believed and were lead to believe that Parkside was acting on behalf of Option One in formulating the utlimate loan terms. In fact, Parkside acted on behalf of Option One in formulating the ultimate loan terms.
>
> 50. Option One, with Parkside, acted pursuant to a common design or plan, and rendered substantial assistance to Parkside, to effectuate the bait and switch.

(Am. Complaint, ¶¶ 48-50).

6. We find that these paragraphs sufficiently allege an agency relationship between Johnson, acting through Parkside, and Option One. Plaintiffs have averred that Option One granted Johnson actual authority to act on its behalf with regards to the mortgage to Plaintiffs. See Jones v. ABN AMRO Mortgage Group, Inc., 551 F.Supp.2d 400, 410 (E.D. Pa. 2008) ("[a]n agency relationship may be established by the grant of either actual authority or apparent authority"); see also Basile v. H & R Block, Inc., 761 A.2d 1115, 1120 (Pa. 2000) (stating that "[t]he law is clear in Pennsylvania that the three basic elements of agency are: 'the manifestation by the principal that the agent shall act for him, the agent's acceptance of the undertaking and the understanding of the parties that the principal is to be in control of the undertaking'").

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion (Doc. No. 64) is **DENIED**.

        **BY THE COURT:**

        /s/ Mitchell S. Goldberg
        _____
        **MITCHELL S. GOLDBERG, J.**