**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMAL R. LAIDLEY, ET AL. | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | CIVIL ACTION NO.: 09-395 |
| | : | |
| SHAWN JOHNSON, ET AL. | : | |
| | : | |
| Defendants | : | |

**PLAINTIFFS' RESPONSE TO DEFENDANT, OPTION ONE'S STATEMENT OF UNCONTESTED FACTS**

    1-3.    Admitted.

    4.    Denied. Plaintiffs were forced to change the settlement date. *See*, Defendant's ¶5 below.

    5.    Admitted as stated.

**PLAINTIFFS' STATEMENT OF FACTS PRECLUDING SUMMARY JUDGMENT**

    1.  Movant-Defendant, Option One has not filed a contesting Answer nor Affirmative defenses to Plaintiffs' First Amended Complaint ("FAC"). *See*, Docket.

    2.  Option One participated in a joint venture with Parkside Mortgage Corp. ("Parkside") wherein Option One controlled the subject matter of that relationship, the instant loan origination and terms, which was predicated on Parkside's loan application's submission on behalf of Plaintiffs, to Parkside and Option One's ultimate profit. Defendant's Motion, Exh. E; FAC, Exh. C; FAC ¶¶ 42-51.

    3.  Through the proceeds of Plaintiffs' loan, Option One transmitted a Yield Spread Premium ("YSP") to Parkside. FAC, Exh. B; FAC ¶15.

    4.  Option One and Parkside shared in the disclosed pre-paid finance charges derived

from Plaintiffs' loan, as itemized on the settlement statement ("HUD-1").  FAC, Exh. D; FAC ¶¶19 & 21.

5. Option One under-disclosed $127.70 in pre-paid finance charges derived from Plaintiffs' loan, which was presumptively split between Parkside and Option One.  FAC, Exh. C; Id.

6. Plaintiffs are not signatories to nor otherwise bound by the "Mortgage Brokerage Agreement."  Defendant's Motion, Exh. G.

7. As a matter of law, c*ontrol* over the subject matter of a joint venture is a question of fact.

8. If a jury were to find Option One a joint venturer, Option One would be vicariously liable for Parkside's misconduct-here, "bait and switched" mortgage terms.

9. Option One is directly liable for its concealed pre-paid finance charges.

10. "Bait and switched" mortgage terms, and concealing and/or splitting finance charges (any of which) constitutes a violation of the UTPCPL "Catch-All" provision.

        WEISBERG LAW, P.C.

        /s/ Matthew B. Weisberg
        Matthew B. Weisberg, Esquire
        Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMAL R. LAIDLEY, ET AL. | : |
| Plaintiffs | : |
| v. | : CIVIL ACTION NO.: 09-395 |
| SHAWN JOHNSON, ET AL. | : |
| Defendants | : |

**CERTIFICATE OF SERVICE**

I, Matthew B. Weisberg, Esquire, hereby certify that on this 27th day of September, 2010, a true and correct copy of the foregoing Plaintiffs' Response to Defendant, Option One's Statement of Uncontested Facts was served via ECF upon the following parties:

Barbara K. Hager, Esq.
Alexis Gabrielle Cocco, Esq.
Reed Smith, LLP
2500 One Liberty Place
1650 Market St.
Philadelphia, PA 19103-7301

WEISBERG LAW, P.C.

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiffs